SMITH *v.* HAVEMEYER and others.[1]

*(District Court, S. D. New York.  November 18, 1887.)*

1. WHARVES — UNUSUAL CONDITION — DAMAGE ARISING THEREFROM — LACK OF
   CARE AND EXAMINATION — LIABILITY OF OCCUPANT.
   The lessee and occupant of a wharf is liable for damage arising from its un-
   usual and dangerous condition, unless he can show reasonable care and ex-
   amination in regard to the condition of the wharf and·slip.

2. SAME — DAMAGE TO VESSEL — STATEMENT OF CASE.
   Respondents' wharf, instead of being perpendicular below the water line,
   extended considerably into the slip.  From one of the beams a spike pro-
   jected, which injured the bottom of libelant's vessel when she went there to
   discharge.  *Held,* in the absence of evidence of reasonable care and examina-
   tion of the condition of the wharf by respondents, they were liable for the
   damage.

· *Goodrich, Deady & Goodrich,* for libelants.
*John E. Parsons,* for claimants.

BROWN, J.  While the bark Formosa was lying along-side the dock
that for many years had been occupied by the defendants for discharging
cargo, she got upon a projection from the pier below the water-line, and
received some injury.  Subsequently examination by a diver showed
that the side of the pier where the Forunsa lay, instead of being perpen-
dicular below the water, projected considerably into the slip, the suc-
cessive layers of crib work forming a kind of stairs.  A spike projected
from one of the beams about six feet above the bottom, and tore off some
of the copper of the vessel.

There is no direct evidence to show whether the side of the wharf was
originally built in the manner above stated, or whether it had subse-
quently got into this condition accidentally.  There is but a single state-
ment in evidence that has any bearing on the question, viz., that simi-
lar vessels had previously been accustomed to lie there without injury.
The libelant, in the course of the trial, propounded a question to a wit-
ness which, if answered, might have thrown some light upon the cause
of the condition of the pier; but, upon objection by the respondent, the
question was withdrawn.  It was proved, however, that such a shape
of the side of the wharf was improper and unusual, and it was clearly
dangerous.  Such a wharf was plainly not a proper one, or in a proper
condition below the water-line to receive vessels for the discharge of cargo.
The defendant, as the lessee and occupant of the wharf, is, therefore,
*prima facie* chargeable with negligence.  To exonerate himself, it was in-
cumbent upon him to show reasonable care and examination in regard
to the condition of the wharf and the slip.  No proof on this subject be-
ing adduced, the *prima facie* liability must stand, and the respondents
held to answer for the damages.  A reference may be taken to compute
the amount.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.